08 CV 00165

DEALY & SILBERSTEIN, LLP
William J. Dealy (WD 9776)
Milo Silberstein (MS 4736)
225 Broadway, Suite 1405
New York, New York 10007
(212) 385-0066
*Attorneys for Plaintiffs the Trustees of*
*the United Teamster Fund and the Trustees*
*of the United Teamster Pension Fund "A"*

RECEIVED
JAN 08 2008
U.S.D.C. S.D. N.Y.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

THE TRUSTEES OF THE UNITED TEAMSTER
FUND and the TRUSTEES OF THE UNITED
TEAMSTER PENSION FUND "A"

Case No.

                              Plaintiffs,

**COMPLAINT**
ECF ACTION

**Jury Trial Demanded**

- against -

CAPITOL FIRE SPRINKLER CO., INC. and
RICHARD LEVINE,

                              Defendants.

-----------------------------------------------------------------X

Plaintiffs the TRUSTEES OF THE UNITED TEAMSTER FUND and the TRUSTEES OF

THE UNITED TEAMSTER PENSION FUND "A" (formerly known as the Union Pension Trust

Fund - Local 202 and the Teamsters Local 918 Pension Fund) (collectively, the "Funds") by their

attorneys, Dealy & Silberstein, LLP, complaining of the Defendants CAPITOL FIRE SPRINKLER

CO., INC. ("Capitol Fire") and RICHARD LEVINE ("Levine"), hereby allege as follows:

### NATURE OF THE ACTION AND JURISDICTION

1.      This is a civil action brought against the Defendants under the Employee Retirement Income

Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3), 1132(e)(1), 1132(f),

1145; and the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a), by employee welfare and pension benefit funds.

2.    This action seeks (1) to recover, <u>inter alia</u>, delinquent health, welfare, and pension contributions which are owed to the Funds by Defendant Capitol Fire for the period of November 2007 through January 2008; and (2) to recover delinquent contributions owed to the Funds resulting from breach of fiduciary duty by Defendant Levine.

3.    Jurisdiction of this Court is invoked under the following statutes:

      a)    ERISA, in sections codified as 29 U.S.C. §§ 1104(a)(1), 1109(a), 1132(e)(1), 1132(f) and 1145;

      b)    LMRA, in section codified as 29 U.S.C. § 185(a);

      c)    28 U.S.C. § 1331 (federal question);

      d)    28 U.S.C. § 1337 (civil actions arising under Act of Congress regulating commerce); and

      e)    28 U.S.C. § 1367 (supplemental jurisdiction).

## VENUE

4.    Venue properly lies in this district pursuant to section 502(e)(2) of ERISA (29 U.S.C. § 1132(e)(2)). Service of process may be made on Defendants in any other district in which they may be found, pursuant to section 502(e)(2) of ERISA (29 U.S.C. §1132(e)(2)).

## THE PARTIES

5.    At all relevant times, Plaintiffs, the Trustees of the United Teamster Fund, have administered the United Teamster Fund (the "Welfare Fund").

6.    The Welfare Fund was established pursuant to collective bargaining agreements in 1949 by

Declarations of Trust, which have been amended from time to time (the "Trust Agreements").

7.  The Welfare Fund was formerly known as the Union Welfare Fund - Local 202. The name change was effectuated in 2000 by an amendment to the Trust Agreements.

8.  At all relevant times, Plaintiffs, the Trustees of the United Teamster Pension Fund "A" have administered the United Teamster Pension Fund "A" (the "Pension Fund").

9.  The Pension Fund was established pursuant to collective bargaining agreements in 1957 by Declarations of Trust (the "Trust Agreements"), which have been amended from time to time.

10. The Pension Fund was formerly known as the Union Pension Trust Fund - Local 202 and merged with the Teamsters Local 918 Pension Fund (also formerly known as United Teamster Pension Fund "D"). The name change was effectuated in 2002 by an amendment to the Trust Agreements. The Welfare Fund and the Pension Fund are referred to collectively herein as the "Funds."

11. The Funds are "employee benefit plans" established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), within the meanings of Sections 3(1), 3(2), and 3(3), and 502(d)(1) of the ERISA, 29 U.S.C. §§ 1002(1), 1002(2), 1002(3) and 1132(d)(1) and are multi-employer plans within the meaning of sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145).

12. The principal place where the Funds are administered is 2137-2147 Utica Avenue, Brooklyn, New York, 11234.

13. The purpose of the Funds is to provide various fringe benefits to eligible employees on

whose behalf employers contribute to the Funds, pursuant to collective bargaining agreements between employers in the food and produce industry and Local 202, International Brotherhood of Teamsters, AFL-CIO, (the "Union"). The Funds receive contributions from, inter alia, employers who are parties to collective bargaining agreements with the Union, invest and maintain those monies, and distribute pensions and health and welfare benefits to employees and to beneficiaries eligible to receive them pursuant to the Funds' plans.

14. The Union is a local labor organization composed of approximately 3,000 members representing, inter alia, employees of employers who are purveyors, deliverers, receivers and/or distributors or transporters of perishable food products and/or other commodities in and around the Greater New York City area.

15. Upon information and belief, Defendant Capitol Fire was at all relevant times a corporation duly organized under the laws of the State of New York, with its principal place of business located at 51-51 59th Place, Woodside, New York, 11377.

16. Upon information and belief, Defendant Levine was at all relevant times a principal and corporate officer of Defendant Capitol Fire, with an address at 175 Noye Lane, Woodsburgh, New York, 10036

### FACTS

17. At all relevant times, Defendant Capitol Fire has been a party to a collective bargaining agreement with the Union (the "CBA") which covers inter alia, the wages, terms, and conditions of employment for its employees who are working in covered employment.

18. Pursuant to the CBA, the Trust Agreements and ERISA, at all relevant times Defendant Capitol Fire was obligated to remit monthly health and welfare and pension contributions and

4

reports to the Funds on behalf of all of its employees working in covered employment.

19. Pursuant to the CBA, at all relevant times, Defendant Capitol Fire was similarly obligated to submit monthly contribution reports to the Funds describing the hours and days worked by each of its employees working in covered employment.

20. Defendant Capitol Fire has willfully failed to remit any health, welfare and pension contributions and reports to the Funds on behalf of any of its employees working in covered employment for the period of November 2007 through January 2008 in an amount to be determined at trial, but believed to exceed one-hundred forty-three thousand one-hundred sixty-six ($143,166.00) dollars.

21. By wilfully failing to remit any health, welfare, and pension contributions and reports to the Funds, Defendant Capitol Fire has violated the terms of the CBA, the Trust Agreements and ERISA.

22. Although demand has been made by the Funds for the past due contributions, Defendant Capitol Fire has continued to fail to remit the same to the Funds.

23. Upon information and belief, as a principal and corporate officer of Defendant Capitol Fire, Defendant Levine was at all relevant times vested with the authority and control over the submission of the required monthly payments and reports on behalf of Defendant Capitol Fire to the Funds.

24. Upon information and belief, Defendant Levine has wilfully refused to submit the required monthly contributions and reports to the Funds, as required by the CBA and the Trust Agreements.

## AS FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT CAPITOL FIRE - VIOLATIONS OF CBA, TRUST AGREEMENTS, AND PROVISIONS OF ERISA

25.     Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 24 of the Complaint, as if fully set forth herein.

26.     Defendant Capitol Fire has failed to remit the required contributions on behalf of its employees working in covered employment for the period of November 2007 through January 2008.

27.     For the period of November 2007 through January 2008, Defendant Capitol Fire has similarly failed to report to the Funds its employees who have worked for Defendant Capitol Fire in the categories set forth in the CBA and/or all of the hours worked by these employees.

28.     Said failure and refusal by Defendant Capitol Fire to report and make contributions for those employees constitutes a violation of Defendant Capitol Fire's obligations pursuant to the CBA and the Trust Agreements, and is a violation of the provisions of ERISA and the LMRA. Plaintiffs seek enforcement of those provisions pursuant to Sections 502(a)(3)(b)(ii) and 515 of ERISA, 29 U.S.C. § 1132(a)(3)(b)(ii) and 29 U.S.C. § 1145, and Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

29.     Although payment has been duly demanded, Defendant Capitol Fire has failed and refused to pay contributions to the Funds as they become due, and it is anticipated that the delinquency will grow during the pendency of this action due to Capitol Fire's failure to timely remit contributions to the Funds as they become due.

30.     As a result of Defendant Capitol Fire's violations of the CBA, the Trust Agreements, and ERISA, the Funds may be required to deny benefits provided under the Funds' benefit plans

to employees of Defendant Capitol Fire working in covered employment for whom contributions have not been made, thereby causing said employee beneficiaries substantial and irreparable damage, which could create significant litigation by these unreported employees of Defendant Capitol Fire, who may claim the rights to receive pension benefits and medical coverage from the Funds.

31.    Furthermore, the Funds may be required to provide said employee beneficiaries with benefits, notwithstanding Defendant Capitol Fire's failure to make its required contributions, thereby reducing the corpus of the Funds and endangering the rights of the employee beneficiaries on whose behalf contributions are properly being made, all to their substantial and irreparable injury.

32.    Defendant Capitol Fire owes the Funds an amount to be determined at trial, but believed to exceed one-hundred forty-three thousand one-hundred sixty-six ($143,166.00) dollars in unpaid contributions to the Funds for the period of November 2007 through January 2008.

33.    The Trust Agreements, referred to above, provide for the assessment of liquidated damages at a rate to be set by the Plaintiffs, as well as the expenses incurred in collecting such delinquent contributions, including attorneys' fees.

34.    Accordingly, Defendant Capitol Fire is liable to Plaintiffs for delinquent contributions for the period of November 2007 through January 2008 in an amount to be determined at trial, but believed to exceed one-hundred forty-three thousand one-hundred sixty-six ($143,166.00) dollars; liquidated damages at the rate of interest on the unpaid contributions, or twenty percent (20%) of all of the unpaid contributions, whichever is greater; reasonable attorneys' fees and the costs of this action.

## AS FOR ASECOND CAUSE OF ACTION AGAINST DEFENDANT LEVINE - BREACH OF FIDUCIARY DUTY UNDER ERISA

35.   Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 33 of this Complaint, as if fully set forth herein.

36.   The terms and conditions of employment contained in the CBA obligate Defendant Capitol Fire to make monthly health, welfare, and pension reports and contributions to the Funds on behalf of each covered employee.

37.   Defendant Capitol Fire has failed to report to the Funds employees who worked for Defendant Capitol Fire in the categories set forth in the CBA and/or all of the hours worked by reported employees for the period of November 2007 through January 2008.

38.   Upon information and belief, as a corporate principal of Defendant Capitol Fire, Defendant Levine is vested with the authority and control over the submission of Defendant Capitol Fire's required monthly payments and reports to the Funds, and thus has the responsibility of making the required payments on behalf of Defendant Capitol Fire to the Funds.

39.   Accordingly, Defendant Levine has held these funds as a fiduciary pursuant to 29 U.S.C. § 1104(a)(1) and was required to discharge his duties solely in the interest of Defendant Capitol Fire's covered employees and their beneficiaries.

40.   Upon information and belief, Defendant Levine devised a scheme and participated in a conspiracy to evade making contributions to the Funds and to convert the monies due to the Funds pursuant to the CBA for the use of Defendant Capitol Fire and/or for his own use.

41.   Upon information and belief, once Defendant Levine knowingly and purposefully failed to properly report the employees in covered employment, and failed to make the required

8

contributions to the Funds on their behalf, he exercised authority and control over the Funds' assets.

42.     Upon information and belief, such conversion constitutes a breach of the fiduciary duties possessed by Defendant Levine pursuant to 29 U.S.C. § 1104(a)(1).

43.     Upon information and belief, pursuant to 29 U.S.C. § 1109(a), Defendant Levine, as a fiduciary with respect to the Funds, is personally liable for restoring those profits and assets which have been lost as a result of the breach of his fiduciary duty.

44.     By reason of the foregoing, Plaintiffs have been damaged by Defendant Levine, and Defendant Levine is liable to the Funds for delinquent contributions for the period of November 2007 through January 2008 in an amount to be determined at trial, but believed to exceed one-hundred forty-three thousand one-hundred sixty-six ($143,166.00) dollars; statutory interest on the unpaid contributions; liquidated damages at the rate of interest on the unpaid contributions, or twenty percent (20%) of all of the unpaid contributions; reasonable attorneys' fees and the costs of this action.

## AND AS FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT CAPITOL FIRE - REQUIRING DEFENDANT CAPITOL FIRE TO PERMIT AN AUDIT OF ITS BOOKS AND RECORDS PURSUANT TO THE CBA, THE TRUST AGREEMENTS AND PROVISIONS OF ERISA

45.     Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 44 of the Complaint, as if fully set forth herein.

46.     The Funds are entitled to conduct an audit of the books and records of Defendant Capitol Fire, including but not limited to its employee time cards, in addition to all payroll sheets, daily time records, job location records, cash disbursement journals, New York State tax

forms WRS-2, WT4A and 4B (NY), WR #30 (NY), Federal tax forms W2, W3, 940, 941, 1099, 1096, 1120s/1120 and 1040 Schedule C, New York State Employment Reports, Insurance Company Reports and supporting checks, general ledgers, ledgers, vouchers, verification of work outside of the geographical jurisdiction of the Union, evidence of unemployment insurance contributions, payroll tax deductions, disability insurance premiums, certification of workers compensation coverage, and any other items concerning payroll(s), as well as the same records of any affiliate, subsidiary, alter ego, joint venture or other related company of Defendant Capitol Fire doing bargaining unit work, for the purpose of verifying the accuracy of the employer contributions previously filed by Defendant Capitol Fire.

47. Defendant Capitol Fire's prior conduct, as outlined herein, demonstrates a significant likelihood that it will continue to breach the terms and conditions of the CBA, the Trust Agreements, ERISA, and the LMRA.

48. Plaintiffs have no adequate remedy at law to insure that Defendant Capitol Fire will adhere to the terms and conditions of the CBA and the Trust Agreements.

49. Accordingly, Plaintiffs respectfully request that this Court order Defendant Capitol Fire to permit and cooperate in the conduct of audits by the Funds, by providing or allowing inspection of all of its books and records, including, but not limited to, its employee time cards.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiffs respectfully request Judgment against Defendants as follows:

**ON THE FIRST CAUSE OF ACTION**, that the Court:

(a)     Award judgment in favor of Plaintiffs and against Defendant Capitol Fire for contributions owed for the period of November 2007 through January 2008 in an amount to be determined at trial, but believed to exceed one-hundred forty-three thousand one-hundred sixty-six ($143,166.00) dollars;

(b)     Award statutory interest on the unpaid contributions;

(c)     Award liquidated damages at the rate of interest on the unpaid contributions, or 20% of all of the unpaid contributions, whichever is greater; and

(d)     Award Plaintiffs reasonable attorneys' fees, accounting fees, and the cost of this action.

**ON THE SECOND CAUSE OF ACTION**, that the Court:

(a)     Award judgment in favor of Plaintiffs and against Defendant Levine in an amount to be determined at trial, but believed to exceed one-hundred forty-three thousand one-hundred sixty-six ($143,166.00) dollars;

(b)     Award statutory interest on the unpaid contributions;

(c)     Award liquidated damages at the rate of interest on the unpaid contributions, or 20% of all of the unpaid contributions, whichever is greater; and

(d)     Award Plaintiffs interest, reasonable attorneys' fees and the costs of this action.

**ON THE THIRD CAUSE OF ACTION**, that the Court:

(a)     Order Defendant Capitol Fire to permit the Funds to conduct an audit of its books

11

and records, including but not limited to employee time cards, and make its books

and records available for audit by the Funds' auditors; and

(b)    Award Plaintiffs the costs of the audit, reasonable attorneys' fees, and the costs of the

action.

Dated:  New York, New York
        January 8, 2008

                                        Yours, etc.,

                                        DEALY & SILBERSTEIN, LLP

                                        By: _____
                                             Milo Silberstein (MS 4637)
                                        *Attorneys for Plaintiffs the Trustees of the*
                                        *United Teamster Fund and the Trustees of*
                                        *the United Teamster Pension Fund "A"*
                                        225 Broadway, Suite 1405
                                        New York, New York 10007
                                        (212) 385-0066

To:    Capitol Fire
       51-51 59th Place
       Woodside, New York 11377

       Richard Levine
       Principal, Capitol Fire Sprinkler Co., Inc.
       175 Noye Lane
       Woodsburgh, New York 11598

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury in this action.

Dated: New York, New York
     January 8, 2008

          DEALY & SILBERSTEIN, LLP

          By: _____
             Milo Silberstein (MS 4637)
          *Attorneys for Plaintiffs the Trustees of the*
          *United Teamster Fund and the Trustees of*
          *the United Teamster Pension Fund "A"*
          225 Broadway, Suite 1405
          New York, New York 10007
          (212) 385-0066